# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------------X

RIVKA LOEFFLER,

                             Plaintiff,

         -against-

JPMORGAN CHASE BANK, N.A.,
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

                          Defendants.

-------------------------------------------------------------------------X

Index No.:

SUMMONS

To the above-named Defendant:

                JPMorgan Chase Bank, N.A.
                270 Park Avenue
                New York, NY 10017

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the location of Plaintiff's address which is in Spring Valley, NY.

Dated this 8th day of January, 2026.

                                     /s/ Daniel Zemel
                                     Daniel Zemel, Esq.
                                     Zemel Law LLC
                                     660 Broadway
                                     Paterson, NJ 07514
                                     T: (862) 227-3106
                                     F: (973) 282-8603
                                     dz@zemellawllc.com
                                     Attorney for Plaintiff

Notice: The nature of this action is violation of the Fair Credit Reporting Act

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------------------X
RIVKA LOEFFLER,                                                    Index No.:

                     Plaintiff,

       -against-

                                      SUMMONS

JPMORGAN CHASE BANK, N.A.,
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

                     Defendants.
----------------------------------------------------------------------X
To the above-named Defendant:


YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                             Experian Information Solutions, Inc
                             475 Anton Boulevard,
                             Costa Mesa, California 92626.

The basis of venue is the location of Plaintiff's address which is in Spring Valley, NY.

Dated this 8th day of January, 2026.

                                      __/s/ Daniel Zemel___
                                      Daniel Zemel, Esq.
                                      Zemel Law LLC
                                      660 Broadway
                                      Paterson, NJ 07514
                                      T: (862) 227-3106
                                      F: (973) 282-8603
                                      dz@zemellawllc.com
                                      Attorney for Plaintiff

Notice:  The nature of this action is violation of the Fair Credit Reporting Act

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------X
RIVKA LOEFFLER,

                            Plaintiff,                    Index No.

        -against-

JPMORGAN CHASE BANK, N.A.          **COMPLAINT**
and EXPERIAN INFORMATION
SOLUTIONS, INC.,

                       Defendants.
-----------------------------------------------------------------X

       Plaintiff, Rivka Loeffler (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1.    This is an action for damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to NY CPLR §301.

3.    Venue is proper in the Supreme Court of the State of New York, Rockland County pursuant to NY CPLR §503(c) because Defendant resides in this county.

## PARTIES

2.    Plaintiff is a natural person who at all relevant times has resided in Spring Valley, New York.

3.    JPMorgan Chase Bank, N.A. ("JPMCB") is a corporation regularly conducting business in the State of New York with its corporate address 270 Park Avenue New York, NY 10017. JPMCB regularly, and in the ordinary course of business, furnishes information to various consumer

3

reporting agencies regarding JPMCB transactions with consumers and is a "furnisher" of information as contemplated by FCRA §1681s-2(a) & (b).

4.    Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in New York with its principal place of business as 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681a(F), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## BACKGROUND

5.    There are two types of reporting entities on consumer credit reports. One type of reporting entity is the credit reporting agency ("CRA"), which reports information about the Plaintiff to users of these credit reports. The second type is called a Furnisher in the credit reporting industry. A Furnisher is a creditor that furnishes information related to its experience with the Plaintiff to the CRAs.

6.    Credit reporting activities of both the CRAs and Furnishers are regulated by the FCRA.

7.    The FCRA's purpose is to ensure that CRAs and Furnishers follow proper procedure in ensuring that a consumer's credit report is reporting accurately.

8.    Every credit report contains a number of lines representing a placeholder for a specific Furnisher to report about a debt or credit line incurred by a consumer. These lines are known as trade lines.

9.    Trade lines have a number of fields which convey a significant amount of information to prospective creditors and which directly affect FICO credit scores.

4

10.    The Date of Status field represents the day a debt is deemed uncollectible and thus charged off. *Toliver v. Experian Info. Solutions, Inc.*, 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013). The Date of Status corresponds to a separate Status segment of the trade line. The Status segment reveals various forms of information concerning the trade line. The Date of Status should remain uniform throughout each credit report disclosing the trade line as this date does not change regardless of whether the original creditor sells the debt to a third party.

11.    The First Reported date reflects the date in which the debt had its first major delinquency or was first reported to the credit bureaus. *Toliver*, 973 F. Supp. 2d at 723. This date also cannot be changed.

## FACTUAL STATEMENT

12.    Plaintiff allegedly incurred debts from JPMCB on or about August of 2012.

13.    JPMCB placed trade lines on Plaintiff's credit report bearing the account number 4226……

14.    In reviewing Plaintiff's Experian credit report, Plaintiff noticed that Experian was reporting more recent dates than were accurate for this account.

15.    Specifically, the dates for the JPMCB accounts' Date of Status were reporting as more recent dates than previously reported, despite no change in the JPMCB's account status.

16.    Plaintiff disputed the JPMCB account.

17.    In Experian's investigation results dated January 8, 2024, JPMCB changed the account's Date of Status from March 2020 to April 2020.

18.    As mentioned above, the Date of Status and First Reported Date are static and cannot accurately change because there was no change in account history.

19.    Upon information and belief, JPMCB's erroneous reporting to Experian resulted in the date change.

5

20. After Plaintiff's requests to investigate, JPMCB failed to conduct a reasonable investigation.

21. Experian failed to conduct a reasonable investigation into the accuracy of the trade line, and allowed/enabled JPMCB to erroneously change reporting dates on Plaintiff's credit report.

22. Alternatively, Experian itself changed the dates.

23. After Plaintiff's requests to reinvestigate, Experian failed to conduct a reasonable reinvestigation.

24. As a direct and proximate cause of Defendants' failure to perform their duties under the FCRA, Plaintiff has suffered injury to credit worthiness.

25. Plaintiff has also suffered actual damages, mental anguish, humiliation, and embarrassment.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## by JPMCB

26. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

27. At all times pertinent hereto, JPMCB was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

28. JPMCB willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

29. JPMCB willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

30. JPMCB willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

31.    JPMCB willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

32.    JPMCBwillfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

33.    JPMCB willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

34.    Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports with the JPMCB errors to third parties regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a

35.    As a direct and proximate cause of JPMCB's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

36.    JPMCB's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, JPMCB was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant him a judgment against JPMCB for the greater of statutory or actual damages plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

37.     Plaintiff repeats, re-alleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

38.     Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports to third parties regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

39.     Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

40.     After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

41.     As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

42.     Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

43.     Experian's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grant Plaintiff a judgment against Experian for the greater of statutory or actual damages plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

44.     Plaintiff demands a jury trial on all issues so triable.

Dated this 8th day of January, 2026.

Respectfully Submitted,


Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, New Jersey 07514
T: 862-227-3106
dz@zemellawllc.com