UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RIVKA LOEFFLER,

              Plaintiff,

                                    Civil Action No.: 1:26-cv-1324

-against-

JPMORGAN CHASE BANK, N.A.; and        **ANSWER**
EXPERIAN INFORMATION SOLUTIONS, INC.,

              Defendants.
------------------------------------------------------------X

      Defendant, JPMorgan Chase Bank, N.A., ("Chase") by its attorneys, Stagg Wabnik Law Group LLP, as and for its Answer to plaintiff Rivka Loeffler's ("plaintiff") Complaint (the "Complaint") responds as follows:

## PRELIMINARY STATEMENT

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

## JURISDICTION AND VENUE

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

## PARTIES

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph numbered "2" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph numbered "3" of the Complaint, except admits that Chase is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Ohio and leaves all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

## BACKGROUND

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint and leaves all questions of law to the Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint and leaves all questions of law to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and leaves all questions of law to the Court.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and leaves all questions of law to the Court.

## FACTUAL STATEMENT

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

21.     Denies the allegations contained in paragraph "19" of the Complaint.

22.     Denies the allegations contained in paragraph "20" of the Complaint.

23.     Denies the allegations contained in numbered paragraph "21" of the Complaint as to Chase and denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in numbered paragraph "21" of the Complaint as to the remaining defendants.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

26.     Denies the allegations contained in numbered paragraph "24" of the Complaint as to Chase and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "24" of the Complaint as to the remaining defendants.

27.     Denies the allegations contained in numbered paragraph "25" of the Complaint as to Chase and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "25" of the Complaint as to the remaining defendants.

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT BY JPMCB

28.     Repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint and leaves all questions of law to the Court.

30.     Denies the allegations contained in paragraph "28" of the Complaint.

31.     Denies the allegations contained in paragraph "29" of the Complaint.

4

32.     Denies the allegations contained in paragraph "30" of the Complaint.

33.     Denies the allegations contained in paragraph "31" of the Complaint.

34.     Denies the allegations contained in paragraph "32" of the Complaint.

35.     Denies the allegations contained in paragraph "33" of the Complaint.

36.     Denies the allegations contained in numbered paragraph "34" of the Complaint as to Chase and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "34" of the Complaint as to the remaining defendants and leaves all questions of law to the Court.

37.     Denies the allegations contained in paragraph "35" of the Complaint.

38.     Denies the allegations contained in paragraph "36" of the Complaint.

39.     Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of the Complaint.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

40.     Repeats and realleges the answers to the preceding paragraphs as if fully set forth herein.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

47. Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of the Complaint as to Chase and denies knowledge and information sufficient to form a belief as to the truth of the allegations as to the remaining defendant.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. Plaintiff's complaint fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. Upon information and belief, the loss allegedly sustained by plaintiff was not as a result of any culpable conduct by Chase, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged loss.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. The complaint is barred, in whole or in part, by the recklessness, gross negligence, negligence, breaches of contractual duties and/or other culpable conduct of plaintiff and her agents,

6

which conduct contributed directly to and caused the loss alleged in the complaint.  Accordingly, the amount of damages, if any, otherwise recoverable by plaintiff must be diminished in the proportion which the culpable conduct attributable to plaintiff and her agents bears to the other culpable conduct, if any, which allegedly caused the damages claimed by plaintiff in the complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52.     Upon information and belief, if plaintiff suffered the damages alleged in the Complaint, these damages were as a result of an independent superseding act by a third party for which Chase cannot be held liable, and Chase's conduct was in no way the proximate cause of such damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

53.     The damages claimed by plaintiff against Chase were not proximately caused by any conduct of Chase.  To the extent that plaintiff has not suffered any damages as a direct or proximate cause of Chase's actions or inactions, plaintiff may not recover any damages against Chase.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

54.     Chase states that there exists a defense to the causes of action asserted in the complaint that is founded upon documentary evidence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

55.     The damages sustained by plaintiff, if any, was/were caused by person(s) other than Chase, including but not limited to, plaintiff.

7

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

56.     If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57.     The complaint is barred by the terms and conditions of the account agreement between plaintiff and Chase.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's complaint is barred for plaintiff's failure to perform.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred by the doctrine of setoff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

60.     Upon information and belief, plaintiff's claims are subject to mandatory arbitration.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

61.     The complaint is barred, in whole or in part, by the principle of laches.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff is not entitled to recover as against Chase as the claim is time barred

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

63.      Chase complied with the requirements of the Fair Credit Reporting Act.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

64.     The claims are barred under § 1681s-2 to the extent that Chase maintained reasonable policies and procedures to comply with the requirements of § 1681s-2.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

65.     Plaintiff's claims are barred since Chase is protected by a qualified privilege.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

66.     Plaintiff suffered no actual damages.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

67.     Plaintiff's claims are barred pursuant to the Fair Credit Reporting Act, including but not limited to 15 USC § 1681 et seq.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

68.     Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the Constitution of the United States, as applied to the States through the Fourteenth Amendment, and Article I, Section 5 of the Constitution of the State of New York prohibiting excessive fines.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

69.     Plaintiff's demand for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the Constitution of the United States, as applied to the States through the Fourteenth Amendment, and Article I, Section 6 of the Constitution of the State of New York.

70.     Chase demand that liability, if any, be apportioned.

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested that plaintiff's Complaint be dismissed in its entirety, and that Chase be awarded the costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
February 20, 2026

Stagg Wabnik Law Group LLP

By:_____
Michelle E. Tarson
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4519
mtarson@staggwabnik.com

TO:  Daniel Zemel, Esq.
Zemel Law LLC
*Attorneys for Plaintiff*
660 Broadway
Paterson, New Jersey 07514
dz@semellawllc.com

Brian W. Carroll, Esq.
McCarter & English, LLP
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*
250 West 55th Street, 13th Floor
New York, New York 10019
bcarroll@mccarter.com