**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RIVKA LOEFFLER,<br><br>       Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.; and<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC.,<br><br>       Defendants. | Case No. 1:26-cv-01324 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers the Complaint ("Complaint") filed by Plaintiff Rivka Loeffler as follows:

**PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, without conceding whether or not Plaintiff states any viable claim for relief, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. As to the remaining allegations that relate to the other defendants, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**JURISDICTION AND VENUE**

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has

alleged jurisdiction is proper pursuant to NY CPLR §301.  Experian states that this is a legal conclusion which is not subject to admission or denial.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue is proper pursuant to NY CPLR §503(c). Experian states that this is a legal conclusion, which is not subject to denial or admission. As to the remaining allegations in paragraph 3 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

2.      In response to the second paragraph number 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3.      In response to the second paragraph number 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.      In response to paragraph 4 of the Complaint, Experian admits that it is a corporation with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the State of New York. Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained therein.

## BACKGROUND

5.      In response to paragraph 5 of the Complaint, Experian admits that the allegations contained therein appear to set forth and/or characterize a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself, and, on that basis, denies any allegations of paragraph 5 inconsistent therewith.  As to the remaining allegations in paragraph 5 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Complaint, Experian admits that the allegations contained therein appear to set forth and/or characterize a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself, and, on that basis, denies any allegations of paragraph 6 inconsistent therewith.  As to the remaining allegations in paragraph 6 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Complaint, Experian admits that the allegations contained therein appear to set forth and/or characterize a portion of the FCRA.  Experian affirmatively states that the FCRA speaks for itself, and, on that basis, denies any allegations of paragraph 7 inconsistent therewith.  As to the remaining allegations in paragraph 7 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

- 3 -

that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     In response to paragraph 10 of the Complaint, Experian admits that the allegations contained therein appear to set forth a statement or conclusion of law.  To the extent the allegations are contrary to the law, Experian denies the allegations.  As to the remaining allegations in paragraph 10 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Complaint, Experian admits that the allegations contained therein appear to set forth a statement or conclusion of law.  To the extent the allegations are contrary to the law, Experian denies the allegations.  As to the remaining allegations in paragraph 11 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL STATEMENT

12.     In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff or someone purporting to correspond on Plaintiff's behalf, which correspondence speaks for itself, and Experian denies any allegations inconsistent therewith. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian admits that it sent Plaintiff dispute results, which speak for themselves, and Experian denies any allegations inconsistent therewith. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 19 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.    In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.    In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22.    In response to paragraph 22 of the Complaint, Experian denies that it has violated the FCRA.  As to the remaining allegations in paragraph 22 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.    In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24.    In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian and further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

25.    In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian and further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

## COUNT I
## VIOLATION OF THE FCRA
## By JPMCB

26. In response to paragraph 26 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses set forth in each of the paragraphs above.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.    In response to paragraph 34 of the Complaint, Experian denies that it has violated the FCRA. As to the remaining allegations in paragraph 34 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.    In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.    In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT II
## VIOLATIONS OF THE FCRA
## BY EXPERIAN

37.    In response to paragraph 37 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses set forth in each of the paragraphs above.

38.    In response to paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.    In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

40.    In response to paragraph 40 of the Complaint, Experian denies, generally and

specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and further denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

43. In response to paragraph 43 of the Complaint, including the unnumbered paragraph below paragraph 43 beginning with the word "WHEREFORE," Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

## JURY TRIAL DEMAND

Experian admits that Plaintiff has demanded a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Experian.

## SECOND DEFENSE

Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD DEFENSE

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff were the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH DEFENSE

Plaintiff has failed to mitigate Plaintiff's damages.

## SIXTH DEFENSE

The Complaint and each claim for relief therein is barred by the doctrine of laches.

## SEVENTH DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH DEFENSE

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the statute of limitations, including but not limited to 15 U.S.C. § 1681p.

## TENTH DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## ELEVENTH DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TWELFTH DEFENSE

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## THIRTEENTH DEFENSE

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## FOURTEENTH DEFENSE

Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

- 12 -

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1.    That Plaintiff take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

2.    For costs of suit and attorneys' fees herein incurred; and

3.    For such other and further relief as this Court may deem just and proper.


Dated:    New York, New York                    Respectfully Submitted,
          February 23, 2026
                                                **McCARTER & ENGLISH, LLP**

                                                */s/ Brian W. Carroll*
                                                Brian W. Carroll, Esq.
                                                250 West 55th St., 13th Floor
                                                New York, NY 10019
                                                212.609.6800
                                                bcarroll@mccarter.com

                                                *Attorneys for Defendant Experian*
                                                *Information Solutions, Inc.*

- 13 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2026, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day on counsel of record identified via transmission of Notices of Electronic Filing

generated by CM/ECF.


*/s/ Brian W. Carroll*
Brian W. Carroll, Esq.

*Counsel for Defendant*
*Experian Information Solutions, Inc.*