# EXHIBIT A

## Carroll, Brian

| | |
|---|---|
| **From:** | Carroll, Brian |
| **Sent:** | Tuesday, February 24, 2026 3:44 PM |
| **To:** | Daniel Zemel |
| **Cc:** | 'Michelle Tarson'; Danielle Hammaren; 'tstagg@staggwabnik.com' |
| **Subject:** | FW: Activity in Case 1:26-cv-01324-JMF Loeffler v. JPMorgan Chase Bank, N.A. et al Order for Initial Pretrial Conference |
| **Attachments:** | Notice of Initial Pretrial Conference.pdf; JMF Furman Civil Individual Practices 8.22.25.pdf |

Counsel:

Please see the below and attached, copies of which are also being sent out to you today at the following address by way of Federal Express:

Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514

Regards,
Brian



**Brian W. Carroll | Partner**
McCarter & English, LLP
250 W 55th Street, 13th Floor | New York, NY 10019

bcarroll@mccarter.com | www.mccarter.com | V-Card
T 973.639.2020     F 973.297.3713

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Tuesday, February 24, 2026 12:48 PM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:26-cv-01324-JMF Loeffler v. JPMorgan Chase Bank, N.A. et al Order for Initial Pretrial Conference

<span style="color:red">**EXTERNAL EMAIL | STOP | VERIFY | REPORT**</span>

---

1

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 2/24/2026 at 12:47 PM EST and filed on 2/24/2026

**Case Name:** Loeffler v. JPMorgan Chase Bank, N.A. et al
**Case Number:** 1:26-cv-01324-JMF
**Filer:**
**Document Number:** 8

**Docket Text:**
**NOTICE OF INITIAL PRETRIAL CONFERENCE: Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on April 22, 2026 at 9:00 a.m. The conference will be held remotely by telephone in accordance with Paragraph 3.B of the Court's Individual Rules and Practices in Civil Cases. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. Within two business days of the date of this Order, Defendants are directed to serve on Plaintiff a copy of this Order and of the Court's Individual Rules and Practices in Civil Cases, and to file proof of such service on the docket. Counsel for Plaintiff is directed to file a notice of appearance on the docket within two business days of such service. All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at https://nysd.uscourts.gov/rules/ecf-related-instructions. All counsel must also familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel. (And as further set forth herein.) SO ORDERED. (Signed by Judge Jesse M. Furman on 2/23/2026) Initial Conference set for 4/22/2026 at 09:00 AM before Judge Jesse M. Furman. (ar)**

**1:26-cv-01324-JMF Notice has been electronically mailed to:**

Michelle Elaine Tarson    mtarson@staggwabnik.com, bvalentine@staggwabnik.com

Brian W. Carroll    bcarroll@mccarter.com, rboland@mccarter.com

**1:26-cv-01324-JMF Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=2/24/2026] [FileNumber=34371330-0] [6baccf0f43f43ec82f77e0903b803f0a7343737d94a9063dbec3f5272c049b8e79 728cfe016ed244ab1740610dab6862095f75dfc103cdf875dff60784f5a754]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                     :

RIVKA LOEFFLER,                           :

                                  :

               Plaintiff,            :             26-CV-1324 (JMF)

                                  :

        -v-                      :          NOTICE OF INITIAL

                                  :        PRETRIAL CONFERENCE

JPMORGAN CHASE BANK, N.A. et al.,      :

                                  :

              Defendants.         :

                                  :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **April 22, 2026** at **9:00 a.m.**  The conference will be held remotely by telephone in accordance with Paragraph 3.B of the Court's Individual Rules and Practices in Civil Cases.  The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound (#) key again.

      **Within two business days of the date of this Order**, Defendants are directed to serve on Plaintiff a copy of this Order and of the Court's Individual Rules and Practices in Civil Cases, and to file proof of such service on the docket.  **Counsel for Plaintiff is directed to file a notice of appearance on the docket within two business days of such service**.  All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at https://nysd.uscourts.gov/rules/ecf-related-instructions.  All counsel must also familiarize themselves with the Court's Individual Rules, which are available at  https://nysd.uscourts.gov/hon-jesse-m-furman.  Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference.  Additionally, in accordance with Paragraph 3.D of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-jesse-m-furman.  Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1)    A statement indicating whether the parties believe they can do without an initial pretrial conference altogether.  If so, the Court may enter a case management plan and scheduling order and the parties need not appear.  If not, the Court will hold the initial conference, albeit perhaps at a different time.  To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;

(2)    A brief statement of the nature of the action and the principal defenses thereto;

(3)    A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(4)    A statement of all existing deadlines, due dates, and/or cut-off dates;

(5)    A brief description of any outstanding motions;

(6)    A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(7)    A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(8)    A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(9)    Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit

such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://nysd.uscourts.gov/rules/ecf-related-instructions.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: February 23, 2026
      New York, New York

                            JESSE M. FURMAN
                         United States District Judge

Revised: August 22, 2025

### INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES
**Jesse M. Furman, United States District Judge**

**Chambers**                                          **Courtroom Deputy**
United States District Court                          Alexandra Smallman
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil matters before Judge Furman except for civil *pro se* cases (see Individual Rules and Practices in Civil *Pro Se* Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman).**

1. **Guidelines for All Submissions** ............................................................................. **2**
   A. Text Searchable Submissions ............................................................................. 2
   B. Amended or Corrected Filings ........................................................................... 2
   C. Submission of Large Electronic Files ................................................................ 2
   D. No Courtesy Copies ........................................................................................... 2
2. **Communications with Chambers** ........................................................................... **2**
   A. Letters ................................................................................................................. 2
   B. Telephone Calls .................................................................................................. 3
   C. Hand Deliveries .................................................................................................. 3
   D. Requests for Adjournments or Extensions of Time ............................................ 3
   E. Related and Consolidated Cases ........................................................................ 3
   F. ECF ..................................................................................................................... 4
   G. Urgent Communications ..................................................................................... 4
3. **Conferences** ............................................................................................................. **4**
   A. In-Person Conferences ....................................................................................... 4
   B. Teleconferences .................................................................................................. 4
   C. Attendance by Principal Trial Counsel .............................................................. 5
   D. Discovery Disputes ............................................................................................ 5
   E. Participation by Junior Attorneys ...................................................................... 5
4. **Motions** ................................................................................................................... **6**
   A. Letter-Motions ................................................................................................... 6
   B. Pre-Motion Conferences in Civil Cases ............................................................ 6
   C. Memoranda of Law ............................................................................................ 6
   D. Unpublished Cases ............................................................................................. 6
   E. Oral Argument on Motions ................................................................................ 6
   F. Summary Judgment Motions .............................................................................. 7
   G. Preliminary Injunction Motions ........................................................................ 7
   H. Motions to Exclude Testimony of Experts ........................................................ 7
   I. Default Judgment Motions ................................................................................. 8
   J. Proposed Stipulations and Orders ...................................................................... 9
5. **Other Pretrial Guidance** ......................................................................................... **9**

  A. Applications for Temporary Restraining Orders ............................................................ 9
  B. Settlement Agreements ................................................................................................... 9
  C. Bankruptcy Appeals...................................................................................................... 10
**6.** **Trial Submissions and Procedures ....................................................................... 10**
  A. Joint Pretrial Order....................................................................................................... 10
  B. Required Pretrial Filings .............................................................................................. 11
  C. Electronic Copies of Exhibits and Exhibit Lists............................................................ 12
  D. Requests to Charge and Proposed Voir Dire ............................................................... 13
  E. Additional Submissions in Non-Jury Cases................................................................... 13
  F. Filings in Opposition..................................................................................................... 14
**7.** **Redactions and Sealed Filings............................................................................... 14**
  A. Redactions Not Requiring Court Approval................................................................... 14
  B. Redactions and Sealed Filings Requiring Court Approval ............................................ 14
  C. Procedures for Filing Sealed or Redacted Documents ................................................ 14
**8.** **Use of Electronic Devices and WiFi Access for Hearings and Trials........................... 16**
  A. Use of Electronic Devices............................................................................................ 16
  B. WiFi Access for Hearings and Trials............................................................................. 16

## 1. Guidelines for All Submissions

  **A. Text Searchable Submissions.** Judge Furman reads most submissions in electronic form using an iPad or computer.  Accordingly, if feasible, **every** submission should be in text-searchable format created by converting the document electronically to PDF by computer (that is, **not** by scanning a printed document).  If a PDF is created by scanning a printed document (for instance, in the case of a pre-existing documentary exhibit), the party should use software to make the document text searchable whenever possible.

  **B. Amended or Corrected Filings.** Any amended or corrected filing shall be filed with a redline showing all differences between the original and revised filing.

  **C. Submission of Large Electronic Files.** The Court has a file transfer protocol for the safe electronic transmission of large files.  If a party needs to submit large files by email (as opposed to ECF), the party should email the Court (at Furman_NYSDChambers@nysd.uscourts.gov) requesting a link to be used for such transfer.  The email should include the name and docket number of the case and the nature and size of the materials to be submitted electronically.

  **D. No Courtesy Copies.** Unless the Court orders otherwise, parties should **not** submit courtesy copies of any submissions.

## 2. Communications with Chambers

  **A. Letters.** Except as otherwise provided below, communications with the Court should be by letter, filed electronically on ECF.  Letters seeking relief should (if consistent with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing

Rules and Instructions) be filed on ECF as letter-motions in accordance with Paragraph 4(A) below, *not* as ordinary letters.

Unless otherwise ordered by the Court, letters may not exceed five pages in length. Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

B.  **Telephone Calls and Emails.**  Communications with Chambers, including requests for extensions or adjournments, shall be by letter or letter-motion filed on ECF in accordance with Paragraphs 2(A) and 4(A). For questions that cannot be answered by reference to these Rules or for *urgent* matters requiring immediate attention, email Chambers with the word "URGENT" in the subject. Technical questions pertaining to ECF filings should be directed to the ECF Help Desk at helpdesk@nysd.uscourts.gov or (212) 805-0800. Counsel may *not* submit substantive case-related communications by email without leave of the Court.

C.  **Hand Deliveries.**  Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007 and may not be brought directly to Chambers. If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

D.  **Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions, *not* as ordinary letters, proposed stipulations, or proposed orders. The letter-motion must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. If the extension will affect any other deadlines in the case, the party seeking the extension should propose amendments to those deadlines as well. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

E.  **Related and Consolidated Cases.**  After an action has been accepted as *related to* a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which

3

it is related (e.g., 12-CV-1234 [rel. 11-CV-4321]).  After two or more actions have been *consolidated for all purposes* under a single docket number pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, all future court papers and correspondence should be filed only in the docket under which the cases have been consolidated and should reference only that docket number.

F.  **ECF.**  In accordance with the [Electronic Case Filing Rules and Instructions](#), counsel are required to register promptly as ECF filers and to enter an appearance in the case.  Counsel are responsible for updating their contact information on ECF, should it change, and they are responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity.  For assistance with updating contact information, please contact the ECF Help Desk at [helpdesk@nysd.uscourts.gov](mailto:helpdesk@nysd.uscourts.gov) or (212) 805-0800; do not file a letter-motion advising the Court of the change.

G.  **Urgent Communications.**  As a general matter, materials filed via ECF are reviewed by the Court the business day after they have been filed.  If a submission requires more immediate attention, the filing party should notify Chambers by telephone after filing the submission on ECF.

## 3.  Conferences

A.  **In-Person Conferences**.  Unless otherwise ordered by the Court, all in-person conferences will be held in Courtroom 24B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York NY.  If any counsel wishes for a conference to be conducted remotely (by telephone or video), he or she should confer with all other counsel and promptly file a letter-motion to that effect in accordance with Paragraph 4(A).

B.  **Teleconferences**.  Unless otherwise ordered by the Court, any proceeding held by telephone will be on the Court's dedicated conference line, which can be accessed by calling (855) 244-8681 and then entering Access Code 2303 019 3884, followed by the pound (#) key.  When prompted for an attendee ID number, press the pound key again.  The following procedures shall apply to all teleconferences with the Court:

    i.  At least twenty-four hours before a scheduled teleconference, the parties must jointly email to the Court the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel — absent permission of the Court, no more than two per party — who may speak during the teleconference.  The email should also provide the telephone numbers from which counsel expect to join the call.

4

    ii.  Counsel should use a landline whenever possible, should use a headset instead of speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.

    iii.  To facilitate orderly teleconferences and the creation of an accurate transcript where a teleconference is held on the record, counsel are required to identify themselves every time they speak.  Counsel should spell any proper names for the court reporter.  Counsel should also take special care not to interrupt or speak over one another.

    iv.  If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

    v.  Broadcasting or recording of any court conference is prohibited by law.

**C.  Attendance by Principal Trial Counsel.**  Absent leave of the Court, the attorney who will serve as principal trial counsel must appear at all conferences with the Court.  Any attorney appearing before the Court must enter a notice of appearance on ECF.

**D.  Discovery Disputes.**  Parties must follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party seeking discovery shall promptly file on ECF a letter-motion, no longer than three pages, explaining the nature of the dispute and, if applicable, why the party is entitled to relief and requesting an informal conference.  Any letter-motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order (based on the letters alone) or in a conference.  Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery.

**E.  Participation by Junior Attorneys.**  The Court encourages the participation of less experienced attorneys in all proceedings — including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial — particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.  The Court may be inclined to grant a request for oral argument, which it generally disfavors, where doing so would afford the opportunity for a junior attorney to gain courtroom experience.  Nevertheless, all attorneys appearing before the Court must have authority to bind

the party they represent consistent with the proceeding (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding.

## 4.  Motions

A.  **Letter-Motions.**  When permitted by the <u>S.D.N.Y. Local Rules</u> and the S.D.N.Y. <u>Electronic Case Filing Rules and Instructions</u>, letters seeking relief should be filed on ECF as letter-motions, *not* as ordinary letters.  In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions.

B.  **Pre-Motion Conferences in Civil Cases.**  Pre-motion conferences are not required, except for disputes concerning discovery, which are governed by Paragraph 3(D) above.

C.  **Memoranda of Law.**  The typeface, margins, spacing, and length of motion papers must conform to Local Civil Rule 7.1 (or, in the case of a motion for reconsideration, Local Civil Rule 6.3).  Per Local Civil Rule 7.1, memoranda of law in support of and in opposition to motions (other than motions for reconsideration) are limited to 8,750 words, and reply briefs are limited to 3,500 words.  Memoranda of 3,500 words or more shall contain a table of contents and a table of authorities.  Sur-reply memoranda will not be accepted without prior permission of the Court.  All appendices to memoranda of law must be indexed.

D.  **Unpublished Cases.**  If a party cites to a case not available in an official reporter, it need **not** provide copies of the case to Chambers if the case is available on Westlaw.

E.  **Oral Argument on Motions.**  The Court rarely holds oral argument.  But a party may request oral argument by indicating "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law.  If a party believes that the Court would benefit from oral argument for a particular reason not obvious from the parties' briefing, the party may file a letter — **not** a letter-motion — explaining the reason on ECF.  Additionally, a party should advise the Court by letter if oral argument would be handled by a less experienced attorney because, as discussed in Paragraph 3(E) above, that may make the Court more inclined to hold oral argument.  If oral argument is requested, the Court will determine whether argument will be heard and, if so, advise counsel of the argument date.

**F.  Summary Judgment Motions.**

    i.   Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

    ii.   With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

    iii.   The parties should provide the Court with an electronic, text-searchable copy of any hearing or deposition transcript, or portion thereof, on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome.

    iv.   Memoranda of law should include sections discussing the relevant background and facts.  Parties should not merely incorporate by reference their Local Rule 56.1 Statements or Counterstatements.

    v.   If both sides intend to file summary judgment motions, the parties should confer and propose (by letter-motion or orally at a conference) a briefing structure, schedule, and page limits.  To avoid redundancy, the Court will, in most instances, set a briefing schedule with deadlines for: (1) one party to file the initial motion; (2) the other party to file a cross-motion, with a single, consolidated memorandum of law supporting the cross-motion and opposing the initial motion; (3) the first party to file a single, consolidated memorandum of law replying in support of the initial motion and opposing the cross-motion; and (4) the cross-moving party to file a reply in support of the cross-motion.

**G.  Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Paragraph 6(E) below.

**H.  Motions to Exclude Testimony of Experts.**  Unless the Court orders otherwise, motions to exclude the testimony of experts, pursuant to Rules 702-705 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.  Absent leave of the Court, the moving party must file a single motion and single, consolidated memorandum of law, consistent with Paragraph 4(C) above, even when seeking to exclude the testimony of multiple experts.

7

**I.** **Default Judgment Motions.** If a party fails to respond to a claim, the party asserting the claim should promptly move for entry of default judgment if appropriate.  If a failure to answer is the basis for the default, the party seeking a default judgment must begin by seeking a Clerk's Certificate of Default pursuant to Local Civil Rule 55.1.  Only *after* obtaining a Clerk's Certificate of Default should the party proceed to filing a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2.  (Counsel should therefore seek and obtain a Clerk's Certificate of Default well in advance of any Court-imposed deadline to move for default judgment.)

A party seeking a default judgment should *not* proceed by order to show cause. Any motion for default judgment must be supported by the following papers:

   i.   an attorney's affidavit or declaration pursuant to Local Civil Rule 55.2(a)(1);

  ii.   a statement of damages, sworn or affirmed to by one or more people with personal knowledge, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs;

 iii.   a memorandum of law setting forth:

   (a) the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

   (b) the procedural history beyond service of the summons and complaint, if any;

   (c) legal authority for why such service was proper;

   (d) the basis for subject-matter and personal jurisdiction;

   (e) whether, if the default is applicable to fewer than all of the counterparties, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

   (f) legal authority for why an inquest into damages would be unnecessary;

iv.   if the proposed damages are supported by calculations, native versions of the files with calculations (i.e., versions of the files in their original format, such as in ".xlsx"), which shall be emailed to Chambers at Furman_NYSDChambers@nysd.uscourts.gov;

v.   a proposed default judgment;

vi.   copies of all the operative pleadings;

vii.   a copy of the affidavit of service of the summons and complaint; and

viii.   a certificate of service stating that all documents in support of the request for default judgment have been personally served on or mailed to the party against whom default judgment is sought, pursuant to Local Civil Rule 55.2(a)(3).

J.   **Proposed Stipulations and Orders.**  In accordance with the Local Rules and the Electronic Case Filing Rules and Instructions, parties should file on ECF all proposed stipulations and orders that they wish the Court to sign, using the appropriate ECF filing event.  *See* SDNY ECF Rules & Instructions §§ 13.17-19 & App'x A.  As noted above, requests for extensions and adjournments must be made by letter-motion, not by proposed stipulation or proposed order.

## 5.   Other Pretrial Guidance

A.   **Applications for Temporary Restraining Orders.**  A party should confer with his or her adversary before making an application for a temporary restraining order unless the party seeking relief is able to satisfy the requirements for obtaining temporary relief without notice to the adverse party set forth in Rule 65(b)(1) of the Federal Rules of Civil Procedure.  In the absence of an emergency that would justify seeking immediate relief in person, if the party seeking relief (1) believes that Rule 65(b)(1)'s requirements can be met and a temporary restraining order should issue without notice to the adverse party, the party should file its papers on ECF under seal (or, if ECF is not a viable option, by email to Chambers at Furman_NYSDChambers@nysd.uscourts.gov) and then email Chambers with the words "URGENT: TRO" in the subject; or (2) is prepared to seek relief on notice to the adverse party, the party seeking relief should simultaneously file its papers on ECF, serve them on all other parties, and then email Chambers, copying all other parties, with the words "URGENT: TRO" in the subject.

B.   **Settlement Agreements.**  Unless the Court orders otherwise, the Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce a settlement agreement, the parties must place the terms of their agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or

include the terms of their settlement agreement in their stipulation of settlement and dismissal.

C. **Bankruptcy Appeals.**  The parties must comply with the briefing schedule and the format and length specifications set forth in the Federal Rules of Bankruptcy Procedure 8014-8018 unless otherwise ordered by the Court.

## 6.   Trial Submissions and Procedures

A. **Joint Pretrial Order.**  Unless otherwise ordered by the Court, no later than thirty days after the date for the completion of all discovery or, in the event a dispositive motion is filed, no later than thirty days after the Court's ruling on such motion, the parties shall both file on ECF, as a "Joint Pretrial Statement," and submit by email to the Court ([Furman_NYSDChambers@nysd.uscourts.gov](mailto:Furman_NYSDChambers@nysd.uscourts.gov)) a proposed joint pretrial order, which shall include the following:

   i.   the full caption of the action;

   ii.   the names, law firms, addresses, telephone number, and email addresses of trial counsel if not already listed on the docket;

   iii.   a brief statement by plaintiff (or, in a removed case, by defendant) as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

   iv.   a brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies.  Such summaries shall also identify all claims and defenses previously asserted that are not to be tried.  The summaries should not recite any evidentiary matter;

   v.   a statement as to the number of trial days needed and whether the case is to be tried with or without a jury;

   vi.   a joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

   vii.   a list of people, places, and institutions (in alphabetical order) that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection;

   viii.   a statement as to whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

10

ix.  any stipulations or agreed statements of fact or law to which all parties consent.  In a jury case, the parties should memorialize any such stipulations or agreed statements of fact or law in a standalone document that can be marked and admitted at trial;

x.  a list of all trial witnesses (in alphabetical order), indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), and a brief summary of the substance of each witness's testimony.  Absent leave of the Court, a witness listed by both sides shall testify only once (with the defendant permitted to go beyond the scope of the direct on cross-examination), and counsel should confer with respect to scheduling;

xi.  designations by each party of deposition testimony to be offered in its case-in-chief and any and counter-designations as follows:

(a)  a chart listing (1) the designations and counter-designations; (2) any objections, including the bases for such objections; (3) a brief response to each objection; and

(b)  transcripts of each relevant deposition with designations, counter-designations, and objections highlighted in different colors.

The parties need not designate deposition testimony to be used for impeachment purposes only.  The parties should limit their designations to those that they actually intend to use at trial;

xii.  a list by each party of all exhibits to be offered in its case-in-chief, with a single asterisk indicating exhibits to which no party objects on any ground. If a party objects to an exhibit, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection.  If any party believes that the Court should rule on such an objection in advance of trial, that party should include a notation to that effect (e.g., "Advance Ruling Requested") as well.  In general, the Court will rule on relevance and authenticity objections at the time of trial;

xiii.  a statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

xiv.  a statement of whether the parties consent to less than a unanimous verdict.

B.  **Required Pretrial Filings.**  Unless otherwise ordered by the Court, each party shall file with the joint pretrial order:

i.   in all cases, motions addressing any evidentiary issues or other matters that should be resolved *in limine*.  Absent leave of the Court, each party must file a single memorandum of law, consistent with Paragraph 4(C) above, in support of *all* motions *in limine* filed by that party.  No motion *in limine* will be considered or decided unless the moving party's memorandum of law includes a certification that, prior to filing the motion, the parties conferred, in person or by telephone, in a good faith effort to resolve the issue(s) asserted in the motion without the intervention of the Court and were unable to reach an agreement;

ii.   in all jury cases, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions as specified by Paragraph 6(D) below;

iii.   in all non-jury cases, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.  At the time of filing, parties should also submit copies of these documents to the Court by email (Furman_ NYSDChambers@nysd.uscourts.gov), both in .pdf format and as a Microsoft Word document;

C.   **Electronic Copies of Exhibits and Exhibit Lists.**  Unless otherwise ordered by the Court, the parties shall also submit with the joint pretrial order (but not file on ECF):

i.   an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.).  (If the files are too large for submission by email, see Paragraph 1(C) above.)  If submission of electronic copies would be an undue burden on a party, the party may seek leave of the Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy.  Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a loose leaf binder (not to exceed 2 1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number;

ii.   the parties shall email to the Court (Furman_NYSDChambers@nysd. uscourts.gov) a Microsoft Word document listing all exhibits sought to be admitted.  The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The parties shall complete the first two columns, but leave the third and fourth columns blank.  Unless the Court orders otherwise, the parties shall confer at the end of each trial day and, no later than the beginning of the next trial day, email to the Court an

12

updated list indicating (in the third and fourth columns) each exhibit that was identified and/or admitted.

**D. Requests to Charge and Proposed *Voir Dire*.**  Unless otherwise ordered by the Court, in all jury trials, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be submitted as attachments to the proposed joint pretrial order, with any differing proposals displayed in track-change format and supported by authority or other justification.  Absent good reason, the parties should not include proposed language for standard instructions (about, for example, the role of the Court and the jury, the standard of proof, etc.), as the Court is likely to use its own standard instructions; instead, the parties should include a list of standard instructions that they believe are appropriate and focus their attention on case-specific requests to charge.  At the time of filing, the parties should also submit copies of these documents to the Court by email (Furman_NYSDChambers@nysd.uscourts.gov) as Microsoft Word documents.  For any request to charge or proposed *voir dire* question on which the parties cannot agree, each party should clearly set forth its proposed charge or question, and briefly state why the Court should use its proposed charge or question, with citations to supporting authority.

**E. Additional Submissions in Non-Jury Cases.**  Unless otherwise ordered by the Court, at the time the joint pretrial order is filed, each party in a non-jury trial shall submit to the Court by email (Furman_NYSDChambers@nysd.uscourts. gov) and serve on opposing counsel, but not file on ECF, the following:

i. Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial.  The affidavit should be treated as a direct substitute for the witness's live testimony; that is, counsel should be attentive to the Rules of Evidence (e.g., hearsay and the like) and authenticate any exhibits that will be offered through that witness's testimony.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits, at which time any objections to particular paragraphs of an affidavit can be made; and

ii. All deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition.  Each

13

synopsis shall include page citations to the pertinent pages of the deposition transcripts.

**F. Filings in Opposition.** Unless otherwise ordered by the Court, any party may file the following documents within one week after the filing of the pretrial order, but in no event less than three days before the scheduled trial date:

    i. Opposition to any motion *in limine*; and

    ii. Opposition to any legal argument in a pretrial memorandum.

## 7. Redactions and Sealed Filings

**A. Redactions Not Requiring Court Approval.** The parties are referred to Rule 5.2 of the Federal Rules of Civil Procedure and the <u>Southern District's ECF Privacy Policy</u> ("Privacy Policy"). There are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution." Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]). Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

**B. Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by the previous Paragraph, **all redactions or sealing of public court filings require Court approval.** To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, neither the parties' consent nor the fact that information is subject to a confidentiality agreement between litigants is, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

**C. Procedures for Filing Sealed or Redacted Documents.** Any party seeking to file a document under seal or in redacted form shall proceed as follows:

    i. **Meet and Confer.** The party should meet and confer with any opposing

14

party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request.  When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three business days, a letter explaining the need to seal or redact the document.

ii. **Sealed Document(s).**  The party shall file a letter-motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.  The letter motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, and should not include confidential information.  The proposed sealed document shall be contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal).  Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, should not include confidential information sought to be filed under seal.

iii. **Redacted Document(s).**  Where a party seeks leave to file a document in redacted form, the party shall file a letter-motion seeking leave to file a document in redacted form on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.  The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document in redacted form, and should not include confidential information.  At the same time, the party shall (1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

iv. **Submission by Email.**  Any party unable to comply with the requirements for electronic filing under seal through the ECF system, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion seeking leave of the Court to file in a different manner. If the party is unable to file such a letter-motion on ECF, or believes there is good cause not to file such a letter-motion on ECF, the party may submit it by email (at Furman_NYSDChambers@nysd.uscourts.gov) as a text-searchable .pdf attachment with a copy simultaneously delivered to all counsel.  Any such email shall state clearly in the subject line: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the contents of the letter.  Parties may not include substantive communications in the body of the email; such communications may be included only in the body of the letter.

15

**8.  Use of Electronic Devices and WiFi Access for Hearings and Trials**

    **A.  Use of Electronic Devices.**  Electronic devices (including mobile telephones, personal electronic devices, and computers) may not be used in Judge Furman's Courtroom without his permission.  More broadly, the use of any such devices within the Courthouse and its environs is governed by the Court's Standing Order M10-468, available at https://nysd.uscourts.gov/sites/default/files/2018-06/standing-order-electronic-devices.pdf.  If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall submit an Electronic Device and Wi-Fi Access Request Form, available on the Court's website, to the Court by e-mail (Furman_NYSDChambers@nysd.uscourts.gov) as early as possible — and certainly no later than **three business days before** the start of the trial or hearing.  Requests submitted later than later than three business days prior to the relevant trial or hearing may be denied on that basis alone.  *If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times*.  Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

    **B.  WiFi Access for Hearings and Trials.**  Attorneys participating in a hearing or trial may obtain authorization to use the Court's WiFi system in Judge Furman's Courtroom during the proceeding.  For further information, see Judge Furman's Individual Rules and Practices for Hearings and Trials, available on Judge Furman's webpage.

16